NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN WHATLEY,<br><br>                Plaintiff,<br><br>   v.<br><br>EDNA MAHAN CORRECTIONAL<br>FACILITY *et al.*,<br><br>                Defendants. | Civ. No. 20-12295<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Lauren Whatley ("Plaintiff"). (ECF No. 5.) The Court previously granted Plaintiff's Application but did not screen the Complaint. (ECF No. 8.) Now, upon screening the Complaint pursuant to 28 U.S.C. § 1915, the Court dismisses the Complaint in part.

## BACKGROUND

Plaintiff was an inmate at Edna Mahan Correctional Facility ("Edna Mahan") in Clinton, New Jersey.[1] (Compl. at 4, ECF No. 1.)[2] Plaintiff states that on July 9, 2020, she told administrators at Edna Mahan that she had been sexually assaulted. (*Id.* at 7.) She alleges that

---

[1] Plaintiff was released from Edna Mahan on November 4, 2020. (Letter from Pl., ECF No. 6.) Due to an active detainer, she was transferred to state custody in Pennsylvania immediately upon her release. (*Id.*) She is now incarcerated at SCI Muncy in Muncy, Pennsylvania. (*Id.*)

[2] The page numbers to which the Court refers are the CM/ECF page numbers.

1

Defendant Davis, Defendant Keller, and Defendant St. Paul (collectively, "Defendants"), all administrators at Edna Mahan, refused to send her to the hospital for a rape examination kit. (*Id.*) Plaintiff asserts that she was only sent to the hospital five days later, when a prison physician learned of the incident. (*Id.* at 6.) She alleges that Defendants then instructed hospital staff not to perform a rape kit, take photos of her injuries, or collect any evidence regarding the assault. (*Id.*) After Plaintiff returned from the hospital, she attempted to harm herself. (*Id.* at 7.) Plaintiff alleges that she was then dragged "outside naked in the rain" by Corrections Officers, exposing her body to "civilians and male officers." (*Id.*) After this incident, Plaintiff asserts that Defendants kept her "secluded in a cell" at all times. (*Id.*) She states that Defendants prohibited her from accessing legal mail and refused to let her have court-ordered phone calls with her children. (*Id.*) Finally, Plaintiff states that Defendants told Corrections Officers untrue statements about her, including that she was "a thug," and that she was "assaultive and aggressive." (*Id.*)

On September 3, 2020, Plaintiff, appearing pro se, filed the Complaint. (ECF No. 1.) About two months later, Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 5), which the Court granted without screening the Complaint (ECF No. 8). The Complaint brings claims pursuant to 42 U.S.C. § 1983 and alleges ten counts: (1) "cruel and unusual punishment" in violation of the Eighth Amendment; (2) gross negligence; (3) "fraud misrepresentation"; (4) defamation and slander; (5) mental and emotional distress; (6) violation of the Due Process Clause of the Fourteenth Amendment; (7) tampering with evidence; (8) tampering with legal mail; (9) violation of the Health Insurance Portability and Accountability Act ("HIPAA"); and (10) pain and suffering. (Compl. at 4.)[3]

---

[3] Because the counts are not clearly labeled in the Complaint, the Court has assigned numbers for the sake of clarity.

## **LEGAL STANDARD**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## **DISCUSSION**

**I.     Eighth Amendment**

"[D]eliberate indifference to serious medical needs of prisoners" is a form of cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference can occur when medical personnel do not respond to a prisoner's

3

needs, or when corrections officers "intentionally deny[] or delay[] access to medical care." *Id.* at 104–05. A successful claim requires (1) that the medical condition be serious, and (2) that defendants demonstrate deliberate indifference. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

Here, Plaintiff alleges that Defendants denied her access to a rape kit after a sexual assault by interfering with and delaying her treatment. (Compl. at 6.) Plaintiff states that the assault caused visible bruising and severe mental distress that resulted in self-harm. (*Id.* at 6–7.) When she reported the assault, Defendants took no action; it was only once a physician at the prison learned of the assault five days later that Plaintiff was admitted to the hospital. (*Id.* at 6.) Moreover, once Plaintiff was admitted, she asserts that Defendants directed hospital staff not to perform a rape kit, take photos, or collect any physical evidence of the assault. (*Id.*) The Court concludes that Plaintiff's allegations, if true, make out a claim that Defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment.

## II.     Gross Negligence, Fraud, Defamation, and Emotional Distress

Plaintiff brings claims for gross negligence, fraud, and defamation. Plaintiff also brings a claim for "mental and emotional distress," which the Court construes to be a claim for intentional infliction of emotional distress.

The New Jersey Tort Claims Act ("NJTCA") requires a plaintiff asserting common law tort claims against a public employee to file a Notice of Claim that is signed and filed with the public entity within ninety days of the accrual of the action. N.J. Stat. Ann. § 59:8-8; *see also Velez v. City of Jersey City*, 850 A.2d 1238, 1244 (N.J. 2004). A complaint that does not plead the NJTCA's notice requirements will not survive a motion to dismiss. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 293 (D.N.J. 2012). Here, Plaintiff does not suggest that she has

4

met the requirements laid out in § 59:8. Thus, to the extent that Plaintiff brings claims for negligence, fraud, defamation, and intentional infliction of emotional distress under New Jersey law, Plaintiff's claims are dismissed.[4]

### III. Due Process Clause of the Fourteenth Amendment and Tampering with Evidence

Although there is no federal civil cause of action for "tampering with evidence," the Fourteenth Amendment permits claims for failure to preserve evidence when prison officials act in bad faith. *See Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992).[5] Here, Plaintiff alleges that Defendants purposefully instructed the hospital not to perform a rape kit or collect any evidence regarding her sexual assault. (Compl. at 6.) Thus, while Plaintiff's claim for tampering with evidence is dismissed, Plaintiff's Fourteenth Amendment claim may proceed.

### IV. Tampering with Legal Mail

There is no civil cause of action under federal law for tampering with legal mail. *See Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 130 (3d Cir. 2018) (describing a claim involving tampering with legal mail as brought pursuant to the First Amendment).[6] However, an

---

[4] The Court notes that fraudulent, defamatory, emotionally distressing, and grossly negligent conduct can serve as bases for a § 1983 claim if the conduct results in the violation of a federally protected right. *See Mumma v. High-Spec, Inc.*, 400 F. App'x 629, 630–31 (3d Cir. 2010) (fraud); *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (defamation); *Sergio v. Doe*, 769 F. Supp. 164, 166–67 (E.D. Pa. 1991) (intentional infliction of emotional distress); *Popow v. City of Margate*, 476 F. Supp. 1237, 1242 (D.N.J. 1979) (gross negligence). Therefore, any allegations of fraudulent, defamatory, emotionally distressing, or grossly negligent conduct in the Complaint appear to be more appropriately considered part of Plaintiff's federal constitutional claims, rather than standalone state-law claims.

[5] New Jersey has a criminal statute, but not a civil cause of action, for tampering with physical evidence. *See* N.J. Stat. Ann. § 2C:28-6.

[6] There are federal criminal statutes prohibiting mail fraud and mail theft generally. *See* 18 U.S.C. §§ 1341, 1708. New Jersey does not have a criminal statute or civil cause of action for tampering with legal mail.

5

inmate does have a First Amendment right to engage in protected communications via legal mail with her attorney. *See id.* at 130–31; *Jones v. Brown*, 461 F.3d 353, 359–60 (3d Cir. 2006). The Court therefore construes Plaintiff's claim to be a First Amendment claim. Plaintiff alleges that Defendants "refused" to send her legal mail out, and "refused" to give her any incoming legal mail, effectively denying her access to any legal mail whatsoever. (Compl. at 7.) If true, Plaintiff has alleged facts that give rise to a First Amendment claim.

### V. HIPAA

There is no federal private right of action under HIPAA. *See Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) (collecting cases). Consequently, Plaintiff's HIPAA claim is dismissed.

### VI. Pain and Suffering

Finally, the Court construes Plaintiff's claim for pain and suffering as a request for relief, rather than a legal claim. Because damages for pain and suffering are cognizable under § 1983, Plaintiff's request for pain and suffering damages may proceed.

### CONCLUSION

For the foregoing reasons, Plaintiff's claims for gross negligence, fraud, defamation, intentional infliction of emotional distress, tampering with evidence, and violation of HIPAA are dismissed. The Court will grant Plaintiff leave to amend to cure the deficiencies identified in this Opinion within thirty (30) days from the entry of the Court's accompanying Order. An appropriate Order will follow.

Date: <u>February 23, 2021</u>　　　　　　　　　　　*/s/ Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.